UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 3:14cr34 |
| ) | |
| SHIQUAN AMAR JACKSON, ) | **UNDER SEAL** |
|     Defendant. ) | |
| ) | By:    Joel C. Hoppe |
| ) |           United States Magistrate Judge |

## REPORT & RECOMMENDATION

This case was referred to the undersigned magistrate judge for the purpose of conducting a felony guilty plea hearing. This sealed report and recommendation is submitted to the presiding district judge under 28 U.S.C. § 636(b)(3). Jackson waived his right to plead before a United States District Judge and consented to proceed before the undersigned magistrate judge.[1]

On November 4, 2014, Jackson appeared with counsel before the magistrate judge, who personally addressed the defendant and admonished him pursuant to Rule 11(b)(1)(A)–(O) of the Federal Rules of Criminal Procedure. Discussing the district judge's role of determining a sentence, the Court explained to Jackson that the sentencing range under the Sentencing Guidelines, which are advisory, not mandatory, would not be determined until a presentence report is written and a sentencing hearing held, that the district judge had the authority to impose a sentence more or less severe than called for in the guidelines, and that the sentence the defendant receives may be different than any estimate given by his attorney. The Court also admonished the defendant that if the district judge does not accept a recommendation set forth in

---

[1] Prior to conducting the guilty plea hearing, I advised the defendant that I would recommend to the presiding district judge that the case be transferred and the defendant be proceeded against as an adult, but that the case would not actually be transferred unless and until the presiding district court judge approved the transfer. Jackson, his counsel, and counsel for the Government stated that they understood and wanted to proceed with the guilty plea hearing before the district court judge ruled on the issue of transfer.

1

the plea agreement, the defendant will still be bound by his plea and will have no right to withdraw it. Jackson stated that he understood the Court's admonishments.

The attorney for the Government stated the essential terms of the plea agreement, which has been filed with the Court, and the defendant and his counsel agreed that those in fact were the terms of the agreement. The defendant further stated that he had read the plea agreement and understood it. Accordingly, the undersigned finds that the defendant understands the charge to which he is pleading guilty and that his plea was knowingly made. Fed. R. Crim. P. 11(b)(1).

The Court also addressed Jackson personally as to his competency to plead and the voluntariness of his plea, specifically whether it resulted from force, threats, or promises other than promises made in a plea agreement or open court. Fed. R. Crim. P. 11(b)(2). Based on this discussion, the undersigned found the defendant to be sufficiently competent to enter a plea, that he desired to plead guilty, and that his plea was voluntary.

The Government presented a statement of facts, which has been filed with the Court, regarding the offense to which the defendant pleaded guilty. The defendant testified that he read and discussed the statement of facts with his attorney, agreed that the statement of facts was accurate, and did not contest those facts. Having reviewed the statement of facts, I find that a sufficient factual basis exists for the defendant's guilty plea as to each essential element of the offense charged. Fed. R. Crim. P. 11(b)(3).

The defendant pleaded guilty to participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), as alleged in Count 1 of the Information.

2

Case 3:14-cr-00034-GEC-JCH   Document 15   Filed 11/06/14   Page 2 of 4   Pageid#: 44

The magistrate judge finds the following:

1. The defendant's guilty plea was taken by the undersigned subject to the acceptance of the plea and sentencing by the assigned district judge and after the defendant consulted with an attorney and executed oral and written waivers;

2. The defendant fully understands the nature of the charge and relevant penalties;

3. The defendant fully understands the terms of the plea agreement;

4. The defendant fully understands his constitutional and statutory rights and wishes to waive those rights;

5. The defendant's guilty plea was freely and voluntarily tendered;

6. The defendant is sufficiently competent to enter a guilty plea; and

7. An adequate factual basis exists to support this plea.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the District Judge accept the plea of guilty and, after reviewing the pre-sentence investigation report, accept the plea agreement, and enter a final judgment finding the defendant guilty.

## RELEASE OR DETENTION PENDING SENTENCING

The district judge has not approved transfer of Jackson under 18 U.S.C. § 5032 to be proceeded against as an adult. Accordingly, Jackson's custody status is governed by 18 U.S.C. § 5035.

Jackson has been detained in state custody on related pending charges and was brought to federal court on a writ. He did not request release at the hearing, and he was returned to state custody.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

    Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen E. Conrad, Chief United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

                               ENTER: November 6, 2014

                               Joel C. Hoppe
                               United States Magistrate Judge

4

Case 3:14-cr-00034-GEC-JCH  Document 15  Filed 11/06/14  Page 4 of 4  Pageid#: 46